Kathryn Kohn Troldahl
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax
kohnkathryn1@gmail.com

Attorney for Plaintiffs

CLERK OF THE DISTRICT COURT
TERRY HALPIN
2017 JUN 30 PM 2 48
FILED
BY _____ DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| THE ESTATE OF MICHAEL OSTBY, BY AND THROUGH THE COURT APPOINTED PERSONAL REPRESENTATIVES, AND NICOLE HALE, JOE OSTBY AND CASSANDRA OSTBY, INDIVIDUALLY, | Cause No. DV 17-0911 |
| | JUDGE MARY JANE KNISELY |
| Plaintiff, | COMPLAINT AND JURY DEMAND |
| vs. | 120/139185 |
| YELLOWSTONE COUNTY; TERRY JESSE; BILLINGS CLINIC; YELLOWSTONE CITY-COUNTY HEALTH DEPARTMENT d/b/a RIVERSTONE HEALTH; RIVERSTONE HEALTH CLINIC; and JOHN DOES 1 THROUGH 10, | |
| Defendant. | |

COME NOW Plaintiffs the Estate of Michael Ostby, by his court appointed personal representatives and Nicole Hale, Cassandra Ostby, and Joe Ostby individually, through their counsel of record, and for their complaint against Defendants Yellowstone County, Terry Jesse, Billings Clinic, Yellowstone City-County Health Department d/b/a Riverstone Health; Riverstone Health Clinic; and John Does 1 through 10 ("Defendants"), state as follows:

Complaint and Jury Demand
Page 1

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

1. Michael Ostby was a resident of Yellowstone County, Montana.

2. Michael Ostby died by suicide by hanging on July 1, 2015, while in the sole custody, control and protection of Yellowstone County at Yellowstone County Detention Facility ("YCDF"). He was just 28 years of age.

3. Plaintiff the Estate of Michael Ostby, by and through the court appointed personal representatives, is permitted by law to prosecute this action against Defendants for all harms and losses they caused him, eventually resulting in his death.

4. Plaintiff Nicole Ostby is the mother of Michael Ostby and a court appointed personal representative for the Estate. She is a resident of Billings, Montana.

5. Plaintiff Joe Ostby is the adoptive father of Michael Ostby and a court appointed personal representative for the Estate. He is a resident of Cody, Wyoming.

6. Plaintiff Cassandra Ostby is the wife of Michael Ostby and a court appointed personal representative for the Estate. She is a resident of Deer Creek, Oklahoma.

7. Cassandra and Michael were the parents of two minor children, Carson and Catherine.

8. YCDF is a jail owned and operated by Defendant Yellowstone County, a political subdivision of the State of Montana, located at 3165 King Avenue East, Billings, Montana. The county may not act in any way expressly prohibited by the constitution, law or charter. Under Mont. Code Ann. § 7-1-2103, the County can be sued.

9. Defendant Terry Jesse was a social worker responsible for assessing detainees for suicidal risk factors and ideations, and arranging for psychiatric and mental health care for detainees at YCDF, pursuant to the Mental Health Counseling Agreement between Yellowstone County, the Sheriff of Yellowstone County, and Billings Clinic. At all times

Complaint and Jury Demand
Page 2

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

relevant, he was an agent of Defendant YCDF and an employee of Billings Clinic.

10. Defendant Billings Clinic is a non-profit hospital corporation with its principal place of business in Billings, Montana. At all times relevant, Billings Clinic was responsible for the acts and omissions of Terry Jesse, its employee, and the administration of the Mental Health Counseling Agreement with Yellowstone County.

11. Defendant Yellowstone City-County Health Department d/b/a Riverstone Health and Riverstone Health Clinic ("Riverstone Health") is a non-profit corporation with its principal place of business in Billings, Montana. At all times relevant, Riverstone Health was providing health care services to inmates at YCDF pursuant to a Health Services Agreement with Yellowstone County, the Sherriff of Yellowstone County and the Yellowstone City-County Health Department. At all times relevant, Riverstone Health was responsible for the acts and omissions of its employees and agents and responsible for its obligations and compliance with the Health Services Agreement entered into with Yellowstone County, the Sheriff of Yellowstone County and the Yellowstone City-County Health Department.

12. Defendant John Does 1 – 10 are persons whose identities or actions are unknown to Plaintiffs, but whose identities and actions may become apparent through discovery.

13. The Montana Thirteenth Judicial District Court has jurisdiction over the subject matter and the parties to this action. Pursuant to Mont. Code Ann. §§ 25-2-117, 25-2-118, and 25-2-126, venue properly lies in this Court.

14. The action is not barred by time or any agreement.

**FACTS COMMON TO ALL COUNTS**

15. On or about May 7, 2015, Plaintiff was arrested, in part, due to "suicide by cop."

Complaint and Jury Demand
Page 3

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

According to the Affidavit of Probable Cause, Michael Ostby drove his Chevy S10 pickup truck into a patrol vehicle, yelling "'Shoot me!' in an apparent effort to provoke the officers into killing him." Defendants thus knew that Michael Ostby had an intent to die by suicide.

16. On May 7, 2015, Michael Ostby was detained at YCDF.

17. On May 7, 2015, at YCDF, Michael Ostby attempted suicide by hanging, his second suicide attempt known to Defendants.

18. On May 8, 2015, at YCDF, Michael Ostby attempted suicide by hanging, his third suicide attempt known to Defendants. In the Activity Log it was noted that Michael Ostby also made a "statement of self-harm," "I hope they take me to prison so they can stab me and kill me."

19. At the time of his detention, and thereafter, Michael Ostby had advised Defendants that he had chronic low back pain for which he needed medical care. At YCDF he received no particular medical care for his pain by his chronic pain physician or others.

20. Michael Ostby also made repeated reports that he was suffering from depression and anxiety, having hallucinations, and hearing voices, for which he had requested mental health assistance "ASAP."

21. Michael Ostby also asked to be moved from his cell in Class A, but that request was denied as well.

22. On or about June 2, 2015, Michael Ostby reported that he had "requested to see mental health for two weeks now" and stated "I give up and if anything happens to me it is on this facility."

23. On or about June 4, 2015, it was noted that Michael Ostby was to be referred to psychiatry, but Defendants failed to provide that referral.

Complaint and Jury Demand
Page 4

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

24. On or about June 9, 2015, Michael Ostby reported that his back is getting worse and that he had been told weeks ago that he could see a provider for his back, but Defendants failed to provide that care.

25. On or about June 12, 2015, Defendants reported that they would schedule Michael Ostby for mental health assistance for his depression and anxiety, but they never scheduled him for any appointment for mental health care.

26. Michael Ostby had pleaded to be placed in a drug court program, stating, "My kids deserve to have me in their life . . . I need the tools to learn how to live a structured life. I do not want to lose my life to drugs. I want to be able to see my children graduate high school. I am begging for the help to get clean and sober and learn how to live a normal life. I'm begging for another chance at life."

27. Defendants never had Michael Ostby evaluated or treated by a psychiatrist who was on contract to perform those specific duties for the safety and well-being of the detainees.

28. At the Coroner's Inquest, Defendant Terry Jesse testified that "Well, I wanted him to see the doctor. We had a psychiatrist on staff at the time . . .," but he never arranged for that assessment and treatment by that physician, and he never referred Michael Ostby for mental health care.

29. According to the testimony of both Officers Toland and Anderson, Defendants had not placed Michael Ostby on a suicide watch near or at the time of his death in disregard of his substantial risks of suicide.

30. Defendant did not conduct a proper or timely assessment of Michael Ostby's suicide risk.

31. Defendants did not clothe him in suicide resistant clothing or provide him with

Complaint and Jury Demand
Page 5

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

suicide resistant bedding.

32. Instead, Defendants placed Michael Ostby in isolation 23 hours per day in an area of the facility called "Class A (pod)," with one hour outside of his cell within the confines of the unit. Defendants did not provide direct supervision of detainees in Class A.

33. In addition, Defendants allowed in Michael Ostby's cell near the door a hasp or "wall fixture" that had been broken for some time. The spring and hook were missing from the hasp, thus leaving two holes in the bracket through which bedding could be threaded.

34. On July 1, 2015, Michael Ostby hanged himself by tying his bedding to the broken hasp in his cell.

35. Defendants did not directly observe Michael Ostby during his suicide effort or any time immediately thereafter. Officers allegedly conducted security checks at routine intervals, but they did not enter the pod or look into the individuals cells, including the cell of Michael Ostby.

36. Officers did not first discover Michael Ostby after he was hanged. Instead, a detainee who had been released for his hour outside of his cell in Class A looked through the window of Michael Ostby's cell and observed him in the position where he was hanged.

37. Later, another detainee was released for his hour outside of his cell who also observed Michael Ostby in his cell hanged. This detainee attempted to get the attention of the officers in a loud and forceful manner, but the officers ignored him and continued their regular activities.

38. Later, a third detainee attempted to and did obtain the guards' attention, who said, "I think someone is dying over there," indicating Michael Ostby's cell.

39. Eventually the officers checked on Michael Ostby and found him hanged.

Complaint and Jury Demand
Page 6

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

40. When the officers opened his cell, Michael Ostby exhibited no signs of life.

41. Instead, the body of Michael Ostby was cold and bluish. The body also exhibited signs of rigor mortis and livor mortis, both indisputable scientific facts that he had been dead for a considerable length of time.

42. The detainees in Class A told the officers that the officers had "killed" Michael Ostby by not coming to his aid earlier.

43. Prior to Michael Ostby's death by suicide, Defendants knew that other inmates at YCDF had died by suicide and had attempted suicide. In 2013, Chad Shuler hanged himself with a sheet and Steven Russo hanged himself with clothing.

44. Prior to Michael Ostby's death, other inmates had criticized YCDF for overcrowding, inadequate medical care, and inattentive officers.

45. Prior to Michael Ostby's death, the crisis of suicides in jails had been studied nationally and recommendations had been made for suicide prevention. In the "National Study of Jail Suicide – 20 Years Later," a retrospective study of jail suicides by the National Center on Institutions and Alternatives (April 2010), Defendants were on notice that:

    a. Suicide was the leading cause of death in jails across the county and thus a national health crisis, a fact evidenced by other suicides at YCDF;

    b. Suicide by hanging with bedding was the most common method used by victims of suicide;

    c. The majority of suicides occurred when inmates were in isolation or alone;

    d. Anchoring devices such as clothing hooks in a cell provided the most common means for suicide by hanging;

Complaint and Jury Demand
Page 7

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

  e. Suicide is a risk at any point during an inmate's confinement;

  f. "No harm agreements" are ineffective and of dubious value in preventing suicides;

  g. Suicide prevention requires safe housing in cells that are "suicide resistant, protrusion free";

  h. Suicide assessments should be daily for those detainees with a known risk of suicide or on suicide precautions; and,

  i. Detainees at risk should be under close or constant supervision, not to exceed 10 minutes.

46. Defendants failed to implement the State of Montana's recommended measures as it related to Michael Ostby.

47. Prior to Michael Ostby's death, the crisis of suicides in Montana had been studied and recommendations had been made for suicide prevention. In the "Montana Strategic Suicide Prevention Plan – 2013 (Updated August 2012)," commissioned by the Montana Department of Public Health and Human Services, Defendants were advised that:

  a. "Suicide prevention training to detention officers in county jails" was essential to prevention;

  b. "Anti-suicide blankets and clothing to all county jails and correctional facilities" were essential to prevention;

  c. Placement of detainees with a risk of suicide in isolation greatly increased the risk of death by suicide;

  d. Timely access to competent mental health professionals was essential to prevention;

Complaint and Jury Demand
Page 8

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

     a.    If an inmate was placed in an isolation cell, "attention must be paid to appropriate observation of the inmate as well as assuring that all isolation cells are suicide-resistant, that is, minimize the presence of items that could be used for self-harm, such as bed sheets and projections from walls or furniture that could be used as anchors for a hanging";

     e.    Prevention required timely recognition of those patients who were depressed and targeted vigilance;

     f.    Removal of "clothing hooks" was essential to prevention;

     g.    On-going mental health assessments was "an essential part of this process" due to "an inmate's risk status [changing] dramatically over time";

     h.    Persons with clinical depression and "any signs of psychosis, such as talking to oneself, claiming to hear voices or suffering hallucinations" should be "taken as a sign that the person may be at risk" of suicide; and,

     i.    "Any suspicion that a prisoner may be actively at risk of suicide should be communicated to a mental health professional."

48.    Defendants failed to implement these recommended measures as it related to Michael Ostby.

49.    Prior to Michael Ostby's death, Defendants knew or should have known that Michael Ostby was at substantial risk of suicide based on his age, gender, race, prior attempts at suicide, incarceration, legal problems, history of substance abuse, isolation from family, history of medical problems, the denial of medical care for his chronic low back pain, the denial of psychiatric care, depression, anxiety, and signs of psychosis.

50.    Defendants failed to place Michael Ostby on a suicide watch or close
Complaint and Jury Demand  
Page 9

KOHN LAW, P.A.  
P.O. Box 390074  
Minneapolis, MN 55439  
612-597-3899  
888-519-3472 fax

supervision in disregard of his known prior attempts at suicide, thereby placing him at substantial risk of serious injury and death.

51. Defendants failed to heed the numerous warnings related to Michael Ostby's risk of suicide and failed to implement the recommended safeguards and precautions that would have saved his life.

52. Defendants failed to place him in a safe, suicide resistant and obstruction free cell, and failed to provide him with suicide resistant bedding and clothing that would have saved his life.

53. In all such ways, Defendants acted in conscious disregard of the known risks of his suicide and thereby permitted his suicide by death.

## COUNT I – NEGLIGENCE (YELLOWSTONE COUNTY)

54. Plaintiffs incorporate herein by reference all preceding allegations as if fully set out herein.

55. Defendant Yellowstone County had a legal and fiduciary duty to have provided for the custody, care, supervision, treatment, and safety of Michael Ostby.

56. Prior to Michael Ostby's death, Defendant Yellowstone had committed in the YCDF policies and procedures to:

    a. Provide health care comparable to that available to citizens in Yellowstone County;

    b. Never summarily or arbitrarily deny any detainee's request for medical care; and,

    c. Ensure that inmates who had suicidal tendencies would have no "items with which he/she could hang himself/herself" or "any other materials that may

Complaint and Jury Demand
Page 10

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

1  endanger the inmate's life."

2  57.   Defendant failed to comply with these policies and procedures.

3  58.   Defendant was negligent in that it failed to comply with its legal and fiduciary duty to provide for Michael Ostby's custody, care, supervision, treatment and safety, by its conduct in one or more of the following ways:

    a.    Left him in isolation;

    b.    Failed to provide adequate and safe housing of Michael Ostby given his risk of suicide;

    c.    Failed to provide adequate assessment of his risk of suicide;

    d.    Failed to provide adequate supervision given his risk of suicide;

    e.    Failed to adequately train its employees to assess and respond to his risk of suicide;

    f.    Failed to provide him medical treatment for his chronic low back pain;

    g.    Failed to provide him the psychiatric treatment for his psychiatric issues and reported symptoms;

    h.    Failed to provide him with a suicide resistant, obstruction free cell;

    i.    Failed to provide him with suicide resistant blankets and clothing;

    j.    Failure to repair or remove the broken hasp in the cell;

    k.    Failed to provide safeguards necessary as recommended by studies of the high risk of suicides in jails across this Nation and in Montana; and,

    l.    Failed to provide safeguards necessary based on prior suicides and suicide attempts at YCDF.

59.   As a direct and proximate cause of these aforementioned acts and omissions by

Complaint and Jury Demand
Page 11

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

Defendant, Michael Ostby suffered physical, mental and emotional pain, anguish, stress, anxiety, and depression, and an unnecessary death during his detention at the facility.

60. As a direct and proximate cause of these aforementioned acts and omissions by Defendant, Plaintiffs have and will continue to suffer grief, loss of consortium, loss of services, and loss of contribution.

## COUNT II – 42 U.S.C. § 1983 (YELLOWSTONE COUNTY)

61. Plaintiffs incorporate herein by reference all preceding allegations as if fully set out herein.

62. Defendant had a duty to have kept Michael Ostby safe in their custody and care, to render him medical and psychiatric care when necessary, and to treat him humanely without oppression or loss of dignity.

63. The Fourteenth Amendment of the United States Constitution provides: "Excessive bail shall not be required ... nor cruel and unusual punishments inflicted." Cruel and unusual punishment prohibited by the Fourteenth Amendment includes the denial of medical or psychiatric treatment.

64. Defendant acted in a manner as to deprive Michael Ostby of one or more of his federal constitutional rights, causing him cruel and unusual punishment, which conduct is actionable under 42 U.S.C. § 1983. State tort claims are actionable pursuant to Mont. Code Ann. §§ 27-1-701 and 27-1-712.

65. Defendant exhibited deliberate and reckless indifference to the serious medical and emotional needs of Michael Ostby by failing to provide him care, thereby denying his constitutional rights.

66. Defendant's deliberate indifference and reckless disregard to his substantial risk

Complaint and Jury Demand
Page 12

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

of serious harm was the cause of the suffering and eventual death of Michael Ostby, in violation of 42 U.S.C. § 1983.

### COUNT III – NEGLIGENCE (TERRY JESSE)

67. Plaintiffs incorporate herein by reference all preceding allegations as if fully set out herein.

68. Defendant Terry Jesse was negligent in that he failed to comply with his legal and fiduciary duty by failing to provide for the custody, care, supervision, treatment and safety of Michael Ostby, by his conduct in one or more of the following ways:

   a. Failed to provide adequate assessment of Michael Ostby's risk of suicide;

   b. Failed to have any contact with Michael Ostby after June 4, 2015;

   c. Failed to ensure a safe cell for Michael Ostby given his suicidal ideations or acts;

   d. Failed to ensure that Michael Ostby received medical treatment or his chronic low back pain;

   e. Failed to ensure that Michael Ostby psychiatric treatment for his psychiatric issues;

   f. Failed to place Michael Ostby on suicide watch or direct observation;

   g. Failed to move him from isolation;

   h. Failed to provide him with a suicide resistant, obstruction free cell;

   i. Failed to provide him with suicide resistant blankets and clothing;

   j. Failed to provide safeguards necessary as recommended by studies of the high risk of suicides in jails across this Nation and in Montana; and,

Complaint and Jury Demand
Page 13

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

        k.     Failed to provide safeguards necessary based on prior suicides and suicide attempts at YCDF.

69.     In addition, Defendant failed to comply with the terms of the agreement with Defendants Yellowstone County in that he failed to:

        a.     Develop and implement a mental health assessment tool used in assessing the mental health needs of Michael Ostby;

        b.     Perform an assessment an evaluation of Michael Ostby of his continuing mental health needs, and documents such assessments and evaluations; and/or,

        c.     Consult with mental health professionals, such as physicians, to assess and treat Michael Ostby's mental health needs.

70.     As a direct and proximate cause of these aforementioned acts and omissions by Defendant, Michael Ostby suffered physical, mental and emotional pain, anguish, stress, anxiety, and depression, and an unnecessary death.

71.     As a direct and proximate cause of these aforementioned acts and omissions by Defendant, Plaintiffs have and will continue to suffer grief, loss of consortium, loss of services, and loss of contribution.

## COUNT IV – NEGLIGENCE (BILLINGS CLINIC)

72.     Plaintiffs incorporate herein by reference all preceding allegations as if fully set out herein.

73.     At all times relevant, Defendant Terry Jesse was acting within the course and scope of his employment and agency for Defendant Billings Clinic.

74.     Billings Clinic had the right of control of Terry Jesse, and it is legally responsible for his actions that were in furtherance of or incidental to his employment.

Complaint and Jury Demand
Page 14

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

75. Defendant Billings Clinic was negligent in that the corporation failed to comply with its legal and fiduciary duty to provide for the custody, care, supervision, treatment and safety of Michael Ostby, in one or more of the following ways:

    a. Failed to provide adequate supervision, training and oversight of Terry Jesse;

    b. Lacked the capacity to have tracked the medical records generated by Terry Jesse and his professional activities;

    c. Failed to provide adequate assessment of Michael Ostby's risk of suicide;

    d. Failed to implement a proper risk assessment of inmates including Michael Ostby;

    e. Failed to ensure that Michael Ostby received psychiatric treatment for his psychiatric issues;

    f. Failed to ensure that Michael Ostby received mental health care which Terry Jesses promised to provide;

    g. Failed to place Michael Ostby on suicide watch or direct supervision;

    h. Failed to ensure that YCDF provided him with a suicide resistant, obstruction free cell;

    i. Failed to ensure that YCDF provided him with suicide resistant blankets and clothing;

    j. Failed to ensure that YCDF provided him safeguards necessary as recommended by studies of the high risk of suicides in jails across this Nation and in Montana;

Complaint and Jury Demand
Page 15

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

      k.     Failed to request Michael Ostby was removed from isolation;

      l.     Failed to ensure that YCDF provided him safeguards necessary based on prior suicides and suicide attempts at YCDF.

76. In addition, Defendant failed to comply with the terms of the Mental Health Counseling Agreement by not providing the services that it was required to provide to Defendants Yellowstone County.

77. As a direct and proximate cause of these aforementioned acts and omissions by Defendant, Michael Ostby suffered physical, mental and emotional pain, anguish, stress, anxiety, and depression, and an unnecessary death.

78. As a direct and proximate cause of these aforementioned acts and omissions by Defendant, Plaintiffs have and will continue to suffer grief, loss of consortium, loss of services, and loss of contribution.

## COUNT V – BREACH OF CONTRACT (BILLINGS CLINIC)

79. Plaintiff incorporates herein by reference the preceding allegations as if fully set out herein.

80. In each of the aforementioned ways, Defendant Billings Clinic breached its contractual duty to provide healthcare screening and health care to Plaintiff.

81. In each of the aforementioned ways, Defendant Billings Clinic breached its contract for health services entered into for the benefit of Plaintiff.

## COUNT VI – NEGLIGENCE (RIVERSTONE HEALTH)

82. Plaintiffs incorporate herein by reference all preceding allegations as if fully set out herein.

83. At all times relevant, Defendant Riverstone Health was negligent in that the

Complaint and Jury Demand
Page 16

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

corporation failed to comply with its legal, contractual and fiduciary duty to provide for the custody, care, supervision, treatment and safety of Michael Ostby, in one or more of the following ways:

    a.    Failed to provide adequate and proper health service screening and health services to Michael Ostby;

    b.    Failed to maintain responsibility and accountability for the primary care services or health services provided at YCDF;

    c.    Failed to control and supervise the healthcare services at YCDF, including health services to Michael Ostby;

    d.    Failed to define specific standards of care and clinical protocols for health services provided to inmates at YCDF, and/or failed to comply with its specific standards and clinical protocols for inmates at Michael Ostby;

    e.    Failed to make arrangements for the primary care and health services for inmates at YCDF, including Michael Ostby;

    f.    Failed to comply with its quality assurance/improvement program for health services to inmates, including Michael Ostby;

    g.    Failed to refer Michael Ostby for adequate medical care, including for chronic pain and mental health;

    h.    Failed to prevent or otherwise allowed for Michael Ostby's health to deteriorate causing him harm to his well-being and death;

    i.    Failed to provide adequate assessment of Michael Ostby's risk of suicide;

    j.    Failed to implement a proper risk assessment of inmates including

Complaint and Jury Demand
Page 17

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

1  Michael Ostby;

2      k.    Failed to ensure that Michael Ostby received medical treatment for his
3  chronic low back pain;

4      84.    In addition, Defendant failed to comply with the terms of the Health Services
5  Agreement by not providing the services that it was required to provide to Defendants
6  Yellowstone County and the inmates at YCDF.

7      85.    As a direct and proximate cause of these aforementioned acts and omissions by
8  Defendant, Michael Ostby suffered physical, mental and emotional pain, anguish, stress,
9  anxiety, and depression, and an unnecessary death.

10      86.    As a direct and proximate cause of these aforementioned acts and omissions by
11  Defendant, Plaintiffs have and will continue to suffer grief, loss of consortium, loss of services,
12  and loss of contribution.

13  **COUNT VII – BREACH OF CONTRACT (RIVERSTONE HEALTH)**

14      87.    Plaintiff incorporates herein by reference the preceding allegations as if fully set
15  out herein.

16      88.    In each of the aforementioned ways, Defendant Riverstone Health breached its
17  contractual duty to provide healthcare screening and health care to Plaintiff.

18      89.    In each of the aforementioned ways, Defendant Riverstone Health breached its
19  contract for health services entered into for the benefit of Plaintiff.

20  **COUNT VIII – JOHN DOES 1 – 10**

21      90.    Plaintiffs incorporate herein by reference all preceding allegations as if fully set
22  out herein.

23      91.    Plaintiffs state that Defendants John Does 1 – 10 are persons whose identity or

Complaint and Jury Demand
Page 18

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

conduct is yet unknown and may be determined through discovery.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs pray for all available relief under the law, including:

    a.    Compensation for the psychiatry, emotional and physical injuries suffered by Michael Ostby during his detention that ultimately led to his unnecessary death;

    b.    Compensation for the loss of Michael Ostby's life;

    c.    Compensation to the surviving family of Michael Ostby for their grief, sorrow, anxiety, loss of consortium, and loss of contribution;

    d.    Attorney's fees and costs, pursuant to 42 U.S.C. § 1988.

    e.    Such other relief as the jury and Court deem just and fair.

## REQUEST FOR JURY TRIAL

Plaintiffs request that all issues of fact be determined by a twelve person jury.

Dated this 30th day of June, 2017.

By: _____
Kathryn Kohn Troldahl
Attorney for Plaintiffs

Complaint and Jury Demand
Page 19

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax