IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF MICHAEL OSTBY, et al., | CV 17-124-BLG-SPW-TJC |
| Plaintiffs, | **FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| YELLOWSTONE COUNTY, et al., | |
| Defendants. | |

Plaintiffs, the Estate of Michael Ostby, Nicole Hale, Joe Ostby, and Cassandra Ostby (collectively, the "Estate"), brought this action against Defendants Yellowstone County, Billings Clinic, and RiverStone Health for negligence and civil rights violations after the decedent, Michael Ostby, committed suicide while being held as a pretrial detainee at the Yellowstone County Detention Facility.  (Doc. 6.)  Yellowstone County has also filed a Crossclaim and Third-Party Complaint against Billings Clinic (Doc. 3, 7), and a Crossclaim and Third-Party Complaint against RiverStone Health.  (Doc. 4, 7.)

Presently before the Court are Billings Clinic's Motion to Dismiss and RiverStone Health's Motion for Judgment on the Pleadings with respect to Yellowstone County's Third-Party Complaints and Crossclaims.  (Docs. 17, 36.)

1

The motions have been referred to the undersigned under 28 U.S.C. §

636(b)(1)(B), and are fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS**

Billings Clinic's Motion to Dismiss be **DENIED**, and RiverStone Health's Motion

for Judgment on the Pleadings be **GRANTED**.

## I.      BACKGROUND FACTS

In June 2013, Yellowstone County entered into a contract with RiverStone

Health ("RiverStone") to provide medical and dental care to inmates at the

Yellowstone County Detention Facility ("YCDF").  (Docs. 4 at ¶ 4; 4-1.)  The

agreement did not contain an indemnification provision.

In September 2014, Yellowstone County entered into a contract with

Billings Clinic to provide mental health counseling to inmates at YCDF.  (Docs. 3

at ¶ 4; 3-1.)  The contract included a mutual indemnification clause that stated in

relevant part:

> Billings Clinic shall indemnify, defend and hold harmless the County
> and the Sherriff and its affiliates, and its officers, directors, employees
> and agents (referred collectively as the 'the County') from any loss,
> claim, cause of action, costs and expenses, including reasonable
> attorneys' fees, or damage suffered by the County or the Sheriff as a
> result of the alleged negligence or intentional actions of Billings
> Clinic's employees or agents.

(Doc. 3-1 at 4.)

2

On May 7, 2015, Michael Ostby ("Ostby") was arrested and detained at YCDF. (Docs. 3 at ¶ 6; 4 at ¶ 6.) On July 1, 2015, Ostby committed suicide while incarcerated. (Docs. 3 at ¶ 9; 4 at ¶ 9.) The contracts between the County and RiverStone and the County and Billings Clinic were in effect during Ostby's incarceration at YCDF. (Docs. 3 at ¶ 6; 4 at ¶ 6.)

On June 30, 2017, Ostby's Estate filed a complaint in state court alleging, *inter alia*, that Yellowstone County, Billings Clinic, a former employee of Billings Clinic, and RiverStone were negligent in failing to provide adequate medical and psychiatric care for Ostby's at YCDF. (Doc. 1-2.) The case was removed to this Court on September 21, 2017. (Doc. 1.)

On September 6, 2017, Yellowstone County sent Billings Clinic a letter tendering the defense of the Estate's action against the County to the Clinic under the indemnification provision of their contract. (Docs. 3 at ¶ 14; 3-2.) Billings Clinic did not respond to the letter. (Doc. 3 at ¶ 15.)

The Estate settled with RiverStone Health; and on September 8, 2017, the Estate filed a Notice of Dismissal in state court dismissing RiverStone Health with prejudice. (Doc. 5-1 at 7.)

On September 15, 2017, Yellowstone County filed an Answer and Cross-Claims against Billings Clinic and RiverStone Health for breach of contract. (Doc. 7.)

On September 25, 2017, Yellowstone County also filed Third-Party
Complaints against Billings Clinic and RiverStone for breach of contract.
(Docs. 3, 4.)  The County alleges Billings Clinic breached their contract by
failing to adequately address Ostby's mental health concerns, and by failing
to defend and indemnify the County against the Estate's claims under the
indemnity clause in their contract.  (Doc. 3 at ¶ 18-19.)  The County
similarly claims RiverStone Health breached their contract by failing to
adequately address Ostby's physical health concerns.  (Doc. 4 at ¶ 15.)

The Estate settled with Billings Clinic and its employee Terry Jesse
on September 26, 2017, and dismissed Billings Clinic and Terry Jesse with
prejudice.  (Doc. 10.)

On October 23, 2017, Billings Clinic filed a Motion to Dismiss the
Third-Party Complaint.  (Doc. 17.)  On December 15, 2017, RiverStone
filed a Motion for Judgment on the Pleadings regarding Yellowstone
County's breach of contract claim.  (Doc. 36.)

## II.   BILLINGS CLINIC'S MOTION TO DISMISS AND RIVERSTONE'S MOTION FOR JUDGMENT ON THE PLEADINGS

### A.   Legal Standards

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1)
lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a
cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013)

(quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint.  *Levitt v. Yelp! Inc.*, 2014 WL 4290615, *10 (9th Cir. 2014).

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into one for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).  There are two exceptions to this rule, however.  *Id.* at 688.  The Court may consider "material which is properly submitted as part of the complaint," and "may take judicial notice of 'matters of public record.'"  *Id.* at 688-89.  Taking judicial notice does not convert a motion to dismiss into one for

5

summary judgment.  *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008).

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed.R.Civ.P. 12(c).  A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Thus, the same legal standard "applies to motions brought under either rule."  *Id*.

**B.     The Parties' Arguments**

Billings Clinic argues that because it settled with the Estate and has been dismissed with prejudice, the County no longer has a cognizable legal theory upon which it could prevail against the Clinic.  Likewise, RiverStone argues that as a settled, dismissed party, it is immune under Montana law from any claim by Yellowstone County seeking contribution or indemnification.  RiverStone also asserts Yellowstone County's claims against it amount to medical malpractice allegations, and must be presented to the Montana Medical Legal Panel.  Further, RiverStone argues Yellowstone County cannot attempt to avoid liability by contractually shifting its non-delegable responsibilities to RiverStone.

Yellowstone County counters that Billings Clinic and RiverStone's settlements with the Estate do not bar all claims by the County against the healthcare providers.  The County argues that Montana law protecting settled parties against claims for indemnity or contribution is not applicable here because of its non-delegable duty to provide adequate medical care.  Yellowstone County further argues that Montana's settled party rule does not apply because the County is seeking to enforce its rights under the contracts with the providers, rather than seeking common law or equitable indemnification.  With regard to RiverStone's other arguments, the County asserts it did not have to exhaust its administrative remedy with the Montana Medical Legal Panel, and contends it may pursue a breach of contract action against RiverStone without violating its non-delegable duty.

### C.    Judicial Notice

As an initial matter, Yellowstone County argues the Court should not consider the factual contention that Billings Clinic has settled with the Estate.  The County asserts the settlement is not part of the Third Party Complaint; and therefore, there is no basis for the Clinic's argument that the settled party rule applies.  (Doc. 20 at 10.)  The Court rejects this argument.

When considering a motion to dismiss, the Court may consider materials that are subject to judicial notice.  *Lee*, 250 F.3d at 689.  The Court may take

7

judicial notice of a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Because the filings in this proceeding are matters of public record and their authenticity is not subject to reasonable dispute, their existence is subject to judicial notice.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 756 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *United States ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Accordingly, the Court will take judicial notice of the Estate's settlement with and dismissal of both Billings Clinic and RiverStone.  (*See* Docs. 5-1; 10.)

### D.    Analysis

The Montana Supreme Court has long recognized that public policy favors settlements, and has stated a compromising party "ought to be able to buy his peace" not only from the plaintiff, but also from the other defendants who seek damages in contribution or indemnity.  *State, ex. rel., Deere & Co. v. Dist. Court of the Fifth Judicial District*, 730 P.2d 396, 402 (Mont. 1986), superseded in part by statute, as recognized in *Schuff v. A.T. Klemens & Son*, 16 P.3d 1002 (Mont. 2000).  Thus, the Court has held "a settlement by one tortfeasor precludes claims for both contribution and indemnity against the settling tortfeasor, irrespective of the nature

of the underlying tort claim." *Durden v. Hydro Flame Corp.*, 983 P.2d 943, 949 (Mont. 1999). *See also* Mont. Code Ann. § 27-1-704(3) ("A release or covenant not to sue given to one of two or more persons liable in tort for the same injury, death, damage, or loss…discharges the tortfeasor to whom it is given from all liability for contribution.").

Both Billings Clinic and RiverStone, as settled parties, assert that the settled party rule articulated in *Durden* precludes Yellowstone County from seeking contribution or indemnity against them. Both further argue that operation of the rule is not prejudicial to Yellowstone County because the County is entitled to a reduction of any award to the Estate by an amount equal to the percentage of fault apportioned to the Clinic and/or RiverStone.[1]

In response, Yellowstone County points out that it has a non-delegable duty to provide for the health and safety of inmates at its detention facility. *See West v.*

---

[1] Mont Code Ann. § 27-1-703(6) provides:

> (a) In an action based on negligence, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a person with whom the claimant has settled or whom the claimant has released from liability.
>  . . .
> (d) A release of settlement entered into by a claimant constitutes an assumption of the liability, if any, allocated to the settled or released person. The claim of the releasing or settling claimant against other persons is reduced by the percentage of the released or settled person's equitable share of the obligation, as determined under subsection (4).

*Atkins*, 487 U.S. 42, 56 (1988); *Sullivant v. Spectrum Med. Servs.*, 2013 WL
265992, *8 (D. Mont. Jan 23, 2013). The County maintains that the existence of
that duty should preclude application of the rule in *Durden.* The County reasons
that the purpose of the rule "is because the defendant who has not settled can
attribute negligence to the defendant who has settled in the claim by the plaintiff."
(Doc. 20 at 12.) The County argues that reason "does not exist when a defendant
who has not settled has a non-delegable duty and cannot attribute negligence to the
defendant who has settled . . . ." *Id.*

        The County does not cite any authority that supports this argument. Neither
of the state trial court orders mentioned by the County, *Miller v. Yellowstone
County, et al.*, No. DV 12-1216 (Mont. 13th Judicial Dist. Ct. Oct. 1, 2015) or
*Stricker v. Blaine County, et al.*, No. DDV-12-937 (Mont. 8th Judicial Dist. Ct.
Feb. 2, 2015), address the application of the *Durden* rule to a party with a non-
delegable duty. In the absence of any support for the County's position, the Court
is not persuaded that the presence of a non-delegable duty is sufficient to defeat the
*Durden* rule, or the strong public policy of encouraging settlement through the
protection of settled parties.

        Therefore, the question turns to what effect the settlements have on
Yellowstone County's claims against Billings Clinic and RiverStone. The County
argues that *Durden* should not preclude its claims because it is asserting breach of

10

contract claims, not contribution or equitable indemnity claims.  Billings Clinic

and RiverStone argue that regardless of the label Yellowstone County attaches to

its claims, the claims actually sound in tort, and seek contribution and indemnity

from a settled tortfeasor.  Therefore, they maintain the County's claims against

them are barred by the *Durden* rule.

When the core substance of a claim affects how it will proceed, the Court

should look to the gravamen of the claim, rather than the label given to the claim

by the plaintiff.  *Northland Casualty Co. v. Mulroy*, 2016 WL 4218283 (D. Mont.

August 9, 2016).  A claim for breach of a professional service contract can sound

in either tort or contract.  *Tin Cup Cty. Water and/or Sewer Dist. v. Garden City*

*Plumbing & Heating, Inc.*, 200 P.3d 60, 66 (Mont. 2009).  For the claim to sound

in contract, the plaintiff must identify the violation of a specific contractual

provision.  *Id.* at 67.

With regard to RiverStone, its contract with the County obligated it to

"provide Primary Care Services and Dental Services through its Providers, to those

individuals who are . . . in the actual physical custody of the Sheriff, incarcerated at

the Facility."  (Doc. 4-1 at 1.)  Yellowstone County alleges RiverStone breached

the contract by failing to adequately address Ostby's physical health concerns.

(Doc. 4 at ¶ 15.)  The County does not, however, allege RiverStone failed to

provide Primary Care Services.  Rather, the County asserts RiverStone performed

its duties inadequately.  Thus, the gravamen of Yellowstone County's claim is that RiverStone was negligent in performing its obligations under the contract.  *See Tin Cup*, 200 P.3d at 67-68 (finding that where the plaintiff alleged the defendant performed its duties under a contract poorly, the plaintiff's claim sounded in tort).  Moreover, the County's breach of contract claim against RiverStone is based on the alleged breach of the same duty as the Estate's negligence claim against RiverStone.  Therefore, the Court finds the County's claim against RiverStone is actually a tort claim cloaked in the language of contract.  Accordingly, the well-established principle under Montana law precluding claims for contribution or indemnity against a settling tortfeasor applies to the County's claim against Riverstone in this case.  Under *Durden*, RiverStone's settlement with the Estate bars the County's claim against RiverStone as a matter of law.[2]

The same is not necessarily true with respect to the County's claim against Billings Clinic.  Unlike RiverStone's contract with the County, Billings Clinic's contract contains an express indemnity provision which requires the Clinic to defend and indemnify the County from any loss, claim, cause of action, costs and expenses, or damage resulting from the alleged negligence of the Clinic.  (Doc. 3-1

---

[2] In light of the Court's determination that the County's claim against RiverStone should be dismissed based on *Durden*, it is unnecessary to reach RiverStone's alternate arguments for dismissal.

at 4.)  Therefore, the County's claim against the Clinic arises out of the Clinic's alleged breach of its contractual obligation to defend and indemnify the County.

In *Transcontinental Ins. Co. v. St Paul Mercury Ins. Co.*, 2006 WL 8435873 (D. Mont. April 13, 2006), this district previously held that although the Montana Supreme Court has stated a general rule that a defendant may not seek contribution or indemnity from a settled co-defendant, the rule does not apply seamlessly to a situation where there is a contract between the joint tortfeasors that contains an indemnity provision.  In *Transcontinental*, U.S. Magistrate Judge Carolyn S. Ostby recommended denial of a third-party defendant's motion to dismiss on the basis of the *Durden* rule.  *Id.* at 5.  There, the third-party defendant had entered into a subcontract that contained an express indemnity provision.  *Id.* at *2.  Judge Ostby surveyed several Montana Supreme Court cases that considered the settled party rule, and noted that the Court had never applied the rule in a case that involved a contractual indemnity agreement between the joint tortfeasors.  *Id.* at 4-5.

The Court further recognized that "[t]he Montana Supreme Court has 'long recognized the legality of indemnity clauses and that they should be liberally construed in favor of the party intended to be indemnified.'"  *Id.* at 5 (quoting *Slater v. Central Plumbing and Heating Co.*, 993 P.2d 654, 661 (Mont. 1999)). The Court, therefore, concluded that the third-party complaint seeking indemnity from a settled tortfeasor under an express indemnity provision stated a claim upon

13

which relief can be granted, and found that the motion to dismiss under Fed. R. Civ. P. 12(b)(6) was inappropriate.

U.S. District Judge Donald W. Molloy adopted Judge Ostby's recommendation in full. *Transcontinental Ins. Co. v. St Paul Mercury Ins. Co.*, 2006 WL 8435872 (D. Mont. May 5, 2006).  Judge Molloy similarly found that the line of Montana cases which preclude claims of indemnity or contribution from a settled party were "factually inapposite where they do not involve joint tortfeasors bound by a subcontract with an indemnity provision." *Id.* at 2.  The Court also noted the "policy of supporting indemnity provisions in Montana," and denied dismissal under Fed. R. Civ. P. 12(b)(6).  *Id.* at 3.

The same analysis applies here.  In the absence of established Montana law holding otherwise, the Court finds the County's claim based on the contractual defense and indemnity provision is not extinguished by virtue of the Clinic's settlement.  Further, such contractual indemnity provisions are valid and enforceable under Montana law.  Thus, at this juncture, the Court finds the County's Third-Party Complaint states a claim upon which relief may be granted, and the Clinic's motion to dismiss should be denied.

It remains to be determined what, if any, recovery can be made under Billings Clinic's indemnity agreement.  The arguments presented by the Clinic in support of its motion to dismiss may ultimately have merit.  But the County has

14

alleged a cognizable legal theory, and it would be inappropriate to dismiss the action at this point in the litigation under Rule 12(b)(6).

## III.    CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that:

1.    Billings Clinic's Motion to Dismiss (Doc. 17) be **DENIED**; and

2.    RiverStone Health's Motion for Judgment on the Pleadings (Doc. 36) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 6th day of July, 2018

_____
TIMOTHY J. CAVAN
United States Magistrate Judge