IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
SEP 12 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| ESTATE OF MICHAEL OSTBY, et al., <br><br> Plaintiff, <br><br> vs. <br><br> YELLOWSTONE COUNTY, et al., <br><br> Defendants. | CV 17-124-BLG-SPW <br><br> ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendation filed July 6, 2018. (Doc. 53). Judge Cavan recommends this Court grant Third-Party Defendant Riverstone Health's motion for judgment on the pleadings and deny Third-Party Defendant Billings Clinic's motion to dismiss. (Doc. 53 at 2).

I.  **Standard of review**

Yellowstone County and Billings Clinic filed timely objections to the findings and recommendation. (Docs. 58 and 59). Yellowstone County and Billings Clinic are entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Cafasso*, 637 F.3d at 1054.

## II. Parties' objections

The procedural and factual history contained in Judge Cavan's findings and recommendation is not objected to, apart from a minor and immaterial contention by Billings Clinic, and is adopted in full.

Yellowstone County objects to Judge Cavan's conclusion that Riverstone's settlement with the Plaintiff requires judgment on the pleadings of the third-party complaint against Riverstone. Billings Clinic objects to Judge Cavan's conclusion that Billings Clinic's settlement with the Plaintiff does not require dismissing the third party-complaint against Billings Clinic.

## III. Discussion

The Plaintiff, the estate of Michael Ostby, filed a complaint against Yellowstone County, Riverstone, and Billings Clinic, alleging, among other things, that they had negligently caused Michael Ostby's death. (Doc. 6 at 1-19). Ostby was an inmate held at Yellowstone County Detention Facility. (Doc. 6 at 2). Riverstone and Billings Clinic contracted with Yellowstone County to provide healthcare for inmates at Yellowstone County Detention Facility. (Doc. 6 at 2-3). Yellowstone County filed third-party complaints against Riverstone and Billings Clinic, alleging they were responsible for the death of Ostby. (Docs. 3 and 4). Riverstone and Billings Clinic settled with Ostby and filed the present motions, arguing Yellowstone cannot seek contribution or indemnity from them under *Durden v. Hydro Flame Corp.*, 983 P.2d 943, 949 (Mont. 1999), which provides that "a settlement by one tortfeasor precludes claims for both contribution and indemnity against the settling tortfeasor, irrespective of the nature of the underlying tort claim."

3

### A. Riverstone

Yellowstone County argues *Durden* does not bar its claim against Riverstone because the claim is for breach of contract, not contribution or indemnity. Riverstone responds the claim, for all practical purposes, is for contribution or indemnity. Judge Cavan recommended *Durden* barred Yellowstone County's claim because it was, at its core, a claim for contribution. The Court agrees with Judge Cavan.

Yellowstone County argues that when a claim can sound in either tort or contract, the claimant can choose which claim to pursue. As a general proposition, Yellowstone County is correct. *See Dewey v. Stringer*, 325 P.3d 1236, 1239 (Mont. 2014). However, this case presents an exception to the general proposition for a few reasons. First, Yellowstone County is incorrect that Riverstone owed Yellowstone County no legal duty absent the contract. By statute, any party to a negligence action "has the right of contribution from any other person whose negligence may have contributed as a proximate cause to the injury complained of." Mont. Code Ann. § 27-1-703; *Dewey*, 325 P.3d at 1239 (citation omitted). Even if Riverstone and Yellowstone County had no contract, a claim they allegedly jointly caused an injury gives rise to a tort claim between the two.[1] Second,

---

[1] The Court notes the interplay between Mont. Code Ann. § 27-1-703 and Yellowstone County's alleged non-delegable duty to inmates is an issue undecided by the Montana Supreme Court. The Court does not offer any conclusion on the

4

Yellowstone County's alleged damages are the damages Riverstone caused Ostby, with whom Riverstone has settled. Yellowstone seeks to have Riverstone pay for what it has already paid. Third, and most importantly, allowing Yellowstone County's claim to proceed would undermine the strong public policy behind *Durden*. In *Durden*, the Montana Supreme Court concluded barring claims for contribution against a party who has settled with the plaintiff is firmly in the public's interest because it will encourage settlements. 983 P.2d at 945-949. It is unlikely Riverstone would have settled with Ostby if it thought it would be brought back into the litigation.

The Court agrees with Judge Cavan and holds Yellowstone County's claim against Riverstone is a claim for contribution cloaked in the language of a contract claim. Riverstone is entitled to judgment on the pleadings.

### B. Billings Clinic

Billings Clinic argues *Durden* bars Yellowstone County's claim against it because it is a claim for contribution or indemnity. Yellowstone County responds *Durden* does not bar its claim because Billings Clinic contractually agreed to indemnify Yellowstone County for damages caused by Billings Clinic, citing *Transcon. Ins. Co. v. St. Paul Mercury Ins. Co.*, 2006 WL 8435873 (D. Mont.

---

issue here, it merely notes that, in theory, co-defendants who jointly cause an injury always have a tort claim against each other.

5

2006), report and recommendation adopted, 2006 WL 8435872 (D. Mont. 2006). Judge Cavan recommended *Durden* did not bar Yellowstone County's claim because the indemnification clause was a private agreement between Yellowstone County and Billings Clinic. The Court agrees with Billings Clinic.

In *Transcontinental*, the Magistrate recommended *Durden* did not bar the claim because there was an indemnity agreement that provided one defendant would indemnify the other defendant for all claims, regardless of the other defendant's negligence in causing them. That is not the situation here. The indemnification clause in the contract between Yellowstone County and Billings Clinic provided that Billings Clinic would indemnify Yellowstone County for damages caused by Billings Clinic. (Doc. 53 at 2). Unlike the defendant in *Transcontinental*, who did not satisfy its duty to indemnify when it settled because it had agreed to indemnify the other defendant for all damages regardless of who caused them, Billings Clinic satisfied its duty to indemnify when it settled with Ostby because Billings Clinic only agreed to indemnify Yellowstone County for damages cause by Billings Clinic. The settlement agreement expressly released Billings Clinic from all claims for damages it caused. (Doc. 59 at 4). In other words, just like its claim against Riverstone, Yellowstone County seeks to have Billings Clinic pay for what it has already paid.

For the reasons stated above and set forth in the analysis with respect to Riverstone, Yellowstone County's claim against Billings Clinic is barred by *Durden* because it is a claim for contribution cloaked in the language of a contract claim. The Court holds Yellowstone County's claim against Billings Clinic must be dismissed.

IV. **Conclusion and order**

It is hereby ordered:

1. Judge Cavan's findings and recommendation are adopted with respect to Riverstone's motion for judgment on the pleadings and rejected with respect to Billings Clinic's motion to dismiss;

2. Riverstone's motion for judgment on the pleadings (Doc. 36) is granted and Yellowstone County's third-party complaint (Doc. 4) is dismissed;

3. Billings Clinic's motion to dismiss (Doc. 17) is granted and Yellowstone County's third-party complaint (Doc. 3) is dismissed.

DATED this 11th day of September, 2018.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge