IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF MICHAEL OSTBY, et al., | CV 17-124-BLG-SPW-TJC |
| Plaintiffs, | **FINDINGS AND** |
| vs. | **RECOMMENDATION OF** |
| | **U.S. MAGISTRATE JUDGE** |
| YELLOWSTONE COUNTY, et al., | |
| Defendants. | |

Plaintiffs, the Estate of Michael Ostby, Nicole Hale, Joe Ostby, and Cassandra Ostby (collectively, the "Estate"), brought this action against Defendants Yellowstone County, Billings Clinic, and RiverStone Health for negligence and civil rights violations after the decedent, Michael Ostby, committed suicide while being held as a pretrial detainee at the Yellowstone County Detention Facility.  (Doc. 6.)  Yellowstone County filed crossclaims and third-party complaints against Billings Clinic (Doc. 3, 7), and RiverStone Health (Doc. 4, 7).

On September 12, 2018, United States District Judge Susan P. Watters granted Billings Clinic's motion to dismiss the County's third-party complaint and granted RiverStone's motion for judgment on the pleadings on the County's third-party complaint.  (Doc. 69.)

Presently before the Court is Yellowstone County's Motion for Entry of

Judgment under Rule 54(b) in favor of Billings Clinic and Riverstone Health.

(Doc. 70.)  The motion has been referred to the undersigned under 28 U.S.C. §

636(b)(1)(B), and is fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS** the

County's motion be **DENIED**.

## I.     BACKGROUND

In June 2013, the County entered into a contract with RiverStone Health

("RiverStone") to provide medical and dental care to inmates at the Yellowstone

County Detention Facility ("YCDF").  (Docs. 4 at ¶ 4; 4-1.)  In September 2014,

the County entered into a contract with Billings Clinic to provide mental health

counseling to inmates at YCDF.  (Docs. 3 at ¶ 4; 3-1.)

On May 7, 2015, Michael Ostby ("Ostby") was arrested and detained

at YCDF.  (Docs. 3 at ¶ 6; 4 at ¶ 6.)  Ostby committed suicide while

incarcerated on July 1, 2015.  (Docs. 3 at ¶ 9; 4 at ¶ 9.)  The contracts

between the County and RiverStone and the County and Billings Clinic were

in effect during Ostby's incarceration at YCDF.  (Docs. 3 at ¶ 6; 4 at ¶ 6.)

On June 30, 2017, Ostby's Estate filed a complaint in state court

alleging, *inter alia*, that the County, Billings Clinic, a former employee of

Billings Clinic, and RiverStone were negligent in failing to provide adequate

medical and psychiatric care for Ostby at YCDF.  (Doc. 1-2.)  The case was removed to this Court on September 21, 2017.  (Doc. 1.)

Prior to removal, the Estate settled with RiverStone and filed a Notice of Dismissal with prejudice on September 8, 2017.  (Doc. 5-1 at 7.)  The Estate also settled with Billings Clinic and its employee Terry Jesse and dismissed Billings Clinic and Terry Jesse with prejudice on September 26, 2017.  (Doc. 10.)

In the meantime, however, the County filed an Answer and Cross-Claims against Billings Clinic and RiverStone for breach of contract on September 15, 2017.  (Doc. 7.)  The County also filed third-party complaints against Billings Clinic and RiverStone for breach of contract on September 25, 2017.  (Docs. 3, 4.)  The County alleged Billings Clinic breached its contract by failing to adequately address Ostby's mental health concerns, and by failing to defend and indemnify the County against the Estate's claims under the indemnity clause in their contract.  (Doc. 3 at ¶ 18-19.)  The County similarly claimed RiverStone breached its contract by failing to adequately address Ostby's physical health concerns.  (Doc. 4 at ¶ 15.)

Billings Clinic moved to dismiss the County's third-party complaint and crossclaim.  (Doc. 17.)  Riverstone likewise filed a motion for judgment on the pleadings on the County's third-party complaint.  (Doc. 36.)  On

3

September 11, 2018, the Court granted Billings Clinic's and RiverStone's

motions, and both parties were dismissed. (Doc. 69.)

## II. DISCUSSION

The County wishes to pursue an interlocutory appeal of the Court's order

dismissing Billings Clinic and RiverStone. Therefore, the County requests the

Court enter judgment in favor of Billings Clinic and RiverStone under Fed. R. Civ.

P. 54(b). The Estate, Billings Clinic and RiverStone all oppose the request.

Generally, federal appellate courts only have jurisdiction to hear an appeal if

it arises from a "final decision" of the district courts. 28 U.S.C. § 1291. *Jewel v.*

*Nat'l Sec. Agency*, 810 F.3d 622, 627 (9th Cir. 2015). "[A]n order which

terminates fewer than all claims, or claims against fewer than all parties, does not

constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Paatalo*

*v. First Am. Title Co. of Montana*, 2014 WL 2002839 at *8 (D. Mont. May 14,

2014). Rule 54(b), however, provides a limited exception in certain circumstances.

Rule 54(b) states:

> When an action presents more than one claim for relief – whether as a
> claim, counterclaim, crossclaim, or third-party claim – or when
> multiple parties are involved, the court may direct entry of a final
> judgment as to one or more, but fewer than all, claims or parties only
> if the court expressly determines that there is no just reason for delay.
> Otherwise, any order or other decision, however designated, that
> adjudicates fewer than all the claims or rights and liabilities of fewer
> than all the parties does not end the action as to any of the claims or
> parties and may be revised at any time before the entry of judgment
> adjudicating all the claims and all the parties' rights and liabilities.

4

Fed. R. Civ. P. 54(b).

To enter judgment under Rule 54(b), the Court must first "determine that it has rendered a 'final judgment,' that is, a judgment that is ''an ultimate disposition of an individual claim entered in the course of a multiple claims action.''" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005).  Second, the Court must determine "whether there is any just reason for delay." *Id.*  In making this determination, the Court must "take into account judicial administrative interests as well as the equities involved.  Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

The Supreme Court has cautioned that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright*, 446 U.S. at 8. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.*  But Rule 54(b) certification is not to be granted as a matter of course. *Id.* at 5, 8.  Rather, it "should be reserved for the infrequent harsh case because of the overload in appellate courts which would otherwise result from appeals of an interlocutory nature." *Id.* at 5.  *See also Wood*, 422 F.3d at 883 ("Absent a

5

seriously important reason . . . the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals.").

Here, the Court has rendered "final judgment" on the County's claims against Billings Clinic and Riverstone.   (*See* Doc. 69.)  Therefore, the first part of the test for Rule 54(b) certification is satisfied.  But the Court finds there is just reason for delay in this case under the second prong of the test.  Accordingly, entry of Rule 54(b) final judgment is not warranted.

First, the County's claims against Billings Clinic and RiverStone are intertwined with the Estate's claims against the County.  Although the County's claims involve different legal theories, the actions and events giving rise to the dismissed claims and the Estate's remaining claims are based on the same set of facts.  Further, the County's claims against Billings Clinic and RiverStone allege a breach of the same duties as some of the Estate's claims against the County.  For example, the County alleges RiverStone did not provide Ostby with adequate medical care.  The Estate similarly claims that Ostby's suicide was caused in part by the County's negligence in providing him medical care.  Thus, the allegations and theories of recovery are not separate and distinct.

Claims with overlapping facts are not necessarily foreclosed from being separate for purposes of Rule 54(b).  *Wood*, 422 F.3d at 881.  Nevertheless, the

Ninth Circuit has stated that a similarity of legal or factual issues weighs heavily against entry of judgment under Rule 54(b).  *Morrison-Knudsen Co. Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).  Moreover, where the "practical effect of certifying the [] issue in [a] case is to deconstruct [the] action so as to allow piecemeal appeals with respect to the same set of facts," certification is not appropriate.  *Jewel*, 810 F.3d at 630.  Here, the Court finds the overlapping nature of the claims weighs against entry of judgment under Rule 54(b).

Second, the ultimate disposition of the Estate's claims against the County could moot the need for any appeal.  The County has essentially sued RiverStone and Billings Clinic for contribution[1] should the Estate succeed on its claims against the County.  If the County prevails against the Estate, however, the County's contribution claims against RiverStone and Billings Clinic would be rendered moot.  As such, permitting the County to pursue an appeal at this stage "could potentially place issues before the Ninth Circuit that never need be decided."  *Paskenta Band of Nomlaki Indians v. Crosby*, 2016 WL 6696071, *3 (E.D. Cal. Nov. 14, 2016).

For the same reason, Courts have recognized that an order dismissing a third-party claim for contribution or indemnity should generally not be certified for

---

[1] The Court has previously found that the County's claims against RiverStone and Billings Clinic constitute "a claim for contribution cloaked in the language of a contract claim."  Doc. 69 at 5, 7.

immediate appeal.  *See e.g. Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1285 (6th Cir. 1986) (vacating district court's Rule 54(b) certification on a question of indemnity); *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (finding district court abused its discretion by entering final judgment under Rule 54(b) on a third-party contribution claim); *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004) ("It makes little sense for an appellate court to address contribution when that subject may be made academic by the outcome of trial. . . . Resolution of disputes about contribution and indemnity usually should wait until the underlying claim has been decided.").

In *Corrosioneering*, the Sixth Circuit explained juridical concerns counsel against the immediate appeal of a question of indemnity or contribution:

> [A]n issue being considered for Rule 54(b) certification may be "separate and distinct" from other issues in the case and yet be an unsuitable candidate for immediate appeal.  For example, a "separate and distinct" issue of contribution or indemnification would likely be unsuitable for Rule 54(b) certification if the related issue of liability, on which the contribution or indemnity would depend, was yet to be resolved in the district court, because a finding on the liability issue in the district court could moot the need for review of the question of contribution or indemnification.

*Corrosioneering*, 807 F.2d at 1283.  The Sixth Circuit further noted that this juridical concern was "alone sufficient to warrant [] finding that the district

court abused its discretion in rendering the Rule 54(b) certification." *Id.* at 1284.

The County nevertheless argues Rule 54(b) judgment should be entered now because an appeal that resolves whether the County can pursue its claims against Billings Clinic and RiverStone would eliminate the possibility of two trials on the same issues. But the underlying policy of Rule 54(b) does not seek to prevent multiple trials. Rather, it aims to "prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright*, 446 U.S. at 10. *See also Favreau v. City of Escondido*, 2012 WL 2092737, *3 (S.D. Cal. June 11, 2012) ("Rule 54(b) is more concerned with successive appeals on the same facts, not successive trials on the same facts."). Indeed, courts have recognized that the risk of a potential second trial "exits in virtually every case where the district court dismisses some of the parties but proceeds to trial against others." *Vannest v. Sage, Rutty & Co., Inc.*, 8 F.Supp.2d 243, 245 (W.D.N.Y. 1998). *See also Huggins v. Fedex Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009). Thus, if avoidance of multiple trials was the metric by which courts determine whether to grant final judgment under Rule 54(b), the Rule would no longer apply only to "the infrequent harsh case." *Curtiss-Wright*, 446 U.S. at 5-6. *See also Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992) ("To deem sufficient under

Rule 54(b) a finding simply that an immediate appeal might avoid the need for a retrial . . . could only contravene the federal policy against piecemeal appeals.").

Although the Court acknowledges the County's concern, the Court does not find the desire to avoid multiple trials is sufficient to justify Rule 54(b) certification.

Finally, This case does not present circumstances that justify a departure from the general rule prohibiting interlocutory appeals.  It is not an unusual, complicated or complex case.  Rather, it is a typical civil action involving non-complex legal theories, where certain parties have settled and been dismissed during the course of litigation.

In sum, the Court finds granting entry of Rule 54(b) final judgment in this case would not serve the interests of sound judicial administration because there is significant factual overlap between the County's dismissed claims and the Estate's remaining claims; further developments before this Court could moot the need for appellate review; and certification may result in unnecessary and piecemeal appeals.  The Court, therefore, does not find a Rule 54(b) final judgment in favor of Billings Clinic and RiverStone is warranted.  This case should proceed on the merits of the Estate's claims against the County.

/ / /

/ / /

## III.    CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Yellowstone County's Motion for Entry of Judgement under Rule 54(b) in favor of Billings Clinic and Riverstone Health (Doc. 70) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 30th day of April, 2019

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

11