IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF MICHAEL OSTBY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>YELLOWSTONE COUNTY,<br><br>Defendant. | CV 17-124-BLG-SPW-TJC<br><br>ORDER |

Before the Court is Yellowstone County's motion for summary judgment (Doc. 136), filed June 1, 2020. For the following reasons, Yellowstone County's motion is GRANTED.

## I.   Background

The background of this case has been extensively detailed in previous Court orders, including Magistrate Cavan's Findings and Recommendations re Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion for Summary Judgment (Doc. 119) adopted in full on February 3, 2020 (Doc. 120). For the sake of brevity, the relevant factual background will be described below.

On May 7, 2015, Michael Ostby was arrested and detained at the Yellowstone County Detention Facility in Billings, MT. On July 1, 2015, Ostby was found dead in his cell. He had used a torn bedsheet strung through a broken clothing hook on his cell wall to hang himself.

1

On October 27, 2016, counsel for the Estate of Ostby sent a demand letter to Yellowstone County. The letter included a proposed complaint listing claims for negligence and a 42 U.S.C. § 1983 claim against Yellowstone County, for Ostby's death. The letter further stated its purpose to provide notice to Yellowstone County under § 2-9-301(3), MCA. The County received the letter on October 31, 2016.

On November 10, 2016, the County replied to the Estate's demand letter expressing the County's belief that Ostby was ultimately responsible for his own death and that "[a]t this time, the County is not inclined to settle the claim." (Doc. 140-2 at 1). The Estate filed its complaint in Montana State District Court on June 30, 2017.

## II. Legal Standard

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

2

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To do so, the opposing party must "go beyond the pleadings and by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The opposing party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citations omitted).

When making this determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, when he is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

### III. Discussion

Yellowstone County moves for summary judgment based on several arguments: 1) the Estate's claims are time barred by the statute of limitations, 2) the Estate's previous settlement with Billings Clinic and RiverStone Health effectively settles any claim against Yellowstone County, 3) the undisputed, material facts show that Yellowstone County was not negligent, and 4) the undisputed, material facts show that Yellowstone County was not liable for Ostby's death under 42 U.S.C. § 1983. (Doc. 136).

### A.   *Statute of Limitations*

Generally speaking, "[t]he statute of limitations for claims of negligence, wrongful death, survivorship, and negligent infliction of emotional distress is three years." *Estate of Woody v. Big Horn Cnty.*, 2016 MT 180, ¶ 9; § 27-2-204, MCA. The forum state's statute of limitations also applies to claims made under 42 U.S.C. § 1983. *Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). The limitations clock starts when every element of the claim has accrued. *Woody*, ¶ 9; § 27-2-102, MCA. A party must commence an action, by filing a complaint in a district court, within the limitations period described unless another statute specifically provides for another time period. § 27-2-105, MCA. Claims against Montana counties are subject to the statute of limitations for the specific cause of action described. § 2-9-302, MCA; *Woody*, ¶ 9; *Rouse v. Anaconda-Deer Lodge Cnty.*, 250 Mont. 1, 4 (Mont. 1991).

4

A plaintiff making a claim against a county must present their claims to the county commissioners for their review. § 2-9-301(3), MCA. When a plaintiff timely provides notice of their claim to the county, the statute of limitations is tolled until the plaintiff's claim is rejected by the county and the plaintiff receives notice of that rejection. *Woody*, ¶ 18, *citing Rouse*, 250 Mont. at 6. The plaintiff then has six months to file their complaint in district court after receiving the county's rejection. § 27-2-209(3), MCA; *Woody*, ¶ 19, *citing Rouse*, 250 Mont. at 6.

Yellowstone County argues that the Estate's claim must be dismissed as untimely because the complaint was filed more than six months after the county commissioners rejected the claim. As noted above, the county commissioners replied to the Estate's demand letter on November 10, 2016 and informed the party that the County was not interested in settling the claim at this time. Yellowstone County argues this reply started the six-month period ending on May 10, 2017. The Estate did not file the complaint until June 30, 2017.

Ostby's Estate does not appear to refute the described timeline but responds that even if the complaint was not filed within six months of County's reply letter, the complaint was still timely filed within the general three-year statute of limitations for negligence. Although § 27-2-209(3), MCA, may be used to toll the statute of limitation, it cannot be used to shorten the three-year period according to

5

the Estate. The Estate bases its argument on the Montana Supreme Court's discussion of the county-notice statute in *Estate of Woody,* 2016 MT 180.

In *Woody*, the Montana Supreme Court examined the ability of the statute to toll the general three-year limitation for negligence claims against a county. Big Horn County contended that § 2-9-301(3), MCA, could not be used to toll the limitations period because it lacked the express tolling language found in other statutes like § 2-9-301(2), MCA. Instead, Big Horn County argued that § 27-2-209(3), MCA, actually shortened the three-year period if a county properly rejected the demand letter and the ensuing six-month window ended before the statute of limitations. *Woody,* ¶ 14.

The Montana Supreme Court reviewed the statutory language in comparison to the purpose of statutes of limitations stating: "[w]e are reluctant to conclude, absent plain language in the statutes, . . . that the six-month period under § 27-2-209(3), MCA, may shorten the original limitations period but not lengthen it. Among other things, 'statutes of limitation serve the purpose of ensuring 'basic fairness' to parties.'" *Woody,* ¶ 18, *quoting Burley v. Burlington N. & Santa Fe Ry. Co.,* 2012 MT 28, ¶ 16. (internal citations omitted). The court went on to find that the statutory scheme under §§ 2-9-301(3) and 27-2-209(3), MCA, did serve to toll the three-year limitation period in the present case. *Woody,* ¶ 19. Woody's claim would have been time barred by December 16, 2014. However, because Woody

filed the § 2-9-301(3), MCA, notice with the county on September 11, 2014, and the county never rejected the claim, the six-month period to file a complaint under § 27-2-209(3), MCA, was not initiated. As a result, the county's failure to reject the claim tolled the statute of limitations making Woody's complaint, filed March 3, 2015, timely. *Id.*

Four years later, the Montana Supreme Court reviewed this determination stating:

> Title 27, generally governing statutes of limitation, includes a provision regarding claims against a county that can have the effect, as we explained in *Estate of Woody*, of either shortening or lengthening the applicable period of limitation for the claim, depending upon the timing of the filing of the notice of claim with the county, and the county's response thereto.

*Turner v. City of Dillon*, 2020 MT 83, ¶ 14, *referring to* § 27-2-209(3), MCA. Therefore, it appears the Montana Supreme Court endorses Yellowstone County's argument that § 27-2-209(3), MCA, may be used to shorten the general period of limitation, if the county rejects the claim within the statute of limitations, as Yellowstone County did in this case. It is undisputed that the Estate did not file the complaint in district court within the six-month period after Yellowstone County's rejection of the claim as required by § 27-2-209(3), MCA. Although the complaint was filed within the general three-year period for negligence claims, § 27-2-209(3), MCA, supersedes the general statute making the Estate's complaint untimely.

The Estate argues further that, even if the complaint was not filed within six months of the County's reply, the language of the letter and the County's subsequent decision to engage in mediation should serve to toll the six-month period. This argument does not survive a closer review. The statute states that "[a]ctions for claims against a county that have been rejected by the county commissioners must be commenced within 6 months *after the first rejection*." § 27-2-209(3), MCA (emphasis added). The express language of the statute does not concern itself with any subsequent action by the County but only with when the County first rejected the claim. Yellowstone County's November 10, 2016 letter informed the Estate that "[a]t this time, the County is not inclined to settle the claim" and denied responsibility for Ostby's death by citing Ostby's own actions as the sole cause. (Doc. 140-2 at 1). The letter constitutes a clear, first rejection of the Estate's claims for purposes of initiating the six-month period under § 27-2-209(3), MCA.

Having determined the Estate's complaint was untimely, the Court need not proceed further to address Yellowstone County's remaining arguments for summary judgment.

IT IS HEREBY ORDERED that Defendant Yellowstone County's Motion for Summary Judgment (Doc. 136) is GRANTED.

The clerk is ordered to enter judgment and close this case.

DATED this 14th day of August, 2020.

                                                SUSAN P. WATTERS
                                                United States District Judge